IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LORI D. RHOADS            :
                          :
                          :
   v.                     : Civil Action No. CCB-94-1548
                          :
                          :
FEDERAL DEPOSIT INSURANCE :
CORPORATION, IN ITS CAPACITY AS :
RECEIVER FOR STANDARD FEDERAL :
SAVINGS BANK AND STANDARD :
FEDERAL SAVINGS ASSOCIATION :
                          :
                          :

**MEMORANDUM**

Pending before this court is a motion by defendant Federal Deposit Insurance Corporation ("FDIC") for summary judgment on damages and to strike plaintiff Rhoads' jury demand. FDIC asserts that Rhoads cannot recover compensatory damages, punitive damages, or prejudgment interest as a matter of law, thus depriving Rhoads of the right to a trial by jury. (Def.'s Mem. at 1-16). For the reasons that follow, defendant's motion will be granted in part and denied in part.[1]

Compensatory damages

The parties' memoranda reveal a split among the district courts that have analyzed whether compensatory damages are available to plaintiffs claiming a violation of the anti-

---

[1] The court incorporates by reference the facts as recited by the Fourth Circuit in Rhoads v. F.D.I.C., 257 F.3d 373 (4th Cir. 2001).

retaliation provision of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12203, arising out of the employment context. (See Def.'s Mem. at 10-14; Pl.'s Opp. Mem. at 9-10; Def.'s Reply Mem. at 6-8) (citing Sink v. Wal-Mart Stores, Inc., 147 F. Supp.2d 1085, 1100-01 (D. Kan. 2001); Boe v. AlliedSignal Inc., 131 F. Supp.2d 1197, 1202-03 (D. Kan. 2001); Brown v. City of Lee's Summit, 1999 WL 827768 (W.D. Mo. June 1, 1999); Ostrach v. Regents of the Univ. of California, 957 F. Supp. 196, 200-01 (E.D. Cal. 1997)). The District of Kansas and the Western District of Missouri found compensatory damages were not available; the Eastern District of California held that compensatory damages were available. Neither this district nor the Fourth Circuit has addressed this specific issue.

The Fourth Circuit, however, in Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999), noted that the remedies available for a violation of 42 U.S.C. § 12203 in the employment context are set forth in 42 U.S.C. § 12117, which "specifically makes the remedies available under Title VII applicable to actions under the ADA." See also Fox v. Gen. Motors Corp., 247 F.3d 169, 175-76 (4th Cir. 2001) (stating that Congress evinced its knowledge of the parallel nature of Title VII and the ADA when it provided that "'the powers, remedies, and procedures set forth in [Title VII] shall be the powers, remedies, and procedures [the ADA] provides'") (quoting 42 U.S.C. § 12117(a)). It is undisputed

2

that the Civil Rights Act of 1991, codified at 42 U.S.C. § 1981a, provides that compensatory damages are available for Title VII violations. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998).

The legislative history of the ADA supports the proposition that compensatory damages available under Title VII are also available in actions brought under the ADA. One court noted that ADA committee reports "clearly indicate Congress' intent to parallel the powers, remedies, and procedures developed by case law under Title VII." Baumgardner v. County of Cook, 108 F. Supp.2d 1041, 1044-45 (N.D. Ill. 2000). In fact, a committee report stated that "if the powers, remedies, and procedures change in Title VII of the 1964 Act, they will change identically under the ADA for persons with disabilities... the Committee's intent is that the remedies of Title VII, currently and as amended in the future, will be applicable to persons with disabilities." Id. (quoting H. R. REP. No. 101-485, pt. 3, at 48 (1990)).

Accordingly, in the absence of clear direction to the contrary by the Fourth Circuit, I conclude that compensatory damages are available to Rhoads on her ADA retaliation claim. See also, Foster v. Time Warner Entm't, 250 F.3d 1189, 1192, 1194 (8th Cir. 2001); Muller v. Costello, 187 F.3d 298, 314-15 (2d Cir. 1999); Ostrach, 957 F. Supp. at 200-01.

Punitive damages

The Supreme Court of the United States explained that punitive damages are designed "to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 266 (1981). When acting as a receiver for a failed bank, "the FDIC represents the Bank and its depositors, creditors, and shareholders." See Prof'l Asset Mgmt., Inc. v. Penn Square Bank, N.A., 566 F. Supp. 134, 136-37 (W.D. Okla. 1983). An award of punitive damages against the FDIC as receiver, therefore, "would not punish the Bank, but its innocent creditors and uninsured depositors... [T]his is too high a price to pay to deter others, especially when it is levied against those who are without fault." Id.; see also 42 U.S.C.A. § 1981a(b)(1) (2002); City of Newport, 453 U.S. at 266-67; Monrad v. F.D.I.C., 62 F.3d 1169, 1175 (9th Cir. 1995); F.D.I.C. v. Claycomb, 945 F.2d 853, 861 (5th Cir. 1991); Tuxedo Beach Club Corp. v. City Fed. Sav. Bank, 749 F. Supp. 635, 649 (D. N.J. 1990).

Since the purpose of punitive damages does not support their assessment against governmental agencies, such as the FDIC, under these circumstances, punitive damages are unavailable to Rhoads as a matter of law.

Prejudgment interest

The court will defer ruling on the availability of prejudgment interest until such time, if at all, as that resolution becomes necessary.

Right to a trial by jury

Defendant FDIC concedes that there is a right to a trial by jury if there is a right to compensatory damages. (Def.'s Mem. at 15) (citing 42 U.S.C. § 1981a(c)). As compensatory damages are available to Rhoads, the defendant's motion to strike plaintiff's jury demand will be denied.

A separate Order follows.

_11/7/02_
Date

_[signature]_
Catherine C. Blake
United States District Judge

---

[2] Regarding back pay, the court notes that any claim by Rhoads for back pay must be limited to the period extending from September 15, 1993 (date of termination) to February 1995 (date position was eliminated). (Def.'s Mem. at n.3; Pl.'s Opp. Mem. at 11-12); see also Rhoads v. F.D.I.C., 956 F. Supp. 1239, 1243, 1260-61 (D. Md. 1997), rev'd in part, 257 F.3d 373, n.4 (4th Cir. 2001).